UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Brown,    #2531, | ) C/A No.: 3:07-3377-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Dr. NFN Croles, | ) |
| | ) |
| Defendant. | |

     This matter is before the court because of the plaintiff's failure to comply with the Court's order of October 29, 2007. A review of the record indicates that the Magistrate Judge ordered the plaintiff to provide the Court with documents needed to render his case into proper form within 20 days, plus three days mail time pursuant to FRCP 6(e). Furthermore, the plaintiff was notified that failure to comply with this order would result in dismissal, without prejudice, of the plaintiff's case. The plaintiff has failed to provide the Court with the necessary documents and his time to do so has expired. Plaintiff, however, has filed a motion for the appointment of counsel.

     The law is clear that there is no right to counsel in § 1983 cases. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). However, the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). When exercising its discretion to appoint counsel in a civil action, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A review of the pleadings reveals there are no unusual circumstances which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney was not appointed. Accordingly, it is **recommended** that the plaintiff's motion for appointment of counsel be denied and this case be dismissed *without prejudice* pursuant to FRCP 41. [1]

                                                                            s/Joseph R. McCrorey
Columbia, South Carolina                            United States Magistrate Judge
December 11, 2007

            ***The plaintiff's attention is directed to the important notice on the next page.***

---

[1] If the plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).